By the Court, Barbour, J.
As I understand the papers, after an injunction order had been obtained in this action by the plaintiff against the defendants, the latter, designing to move to vacate such injunction, asked several persons to make affidavits of the necessary facts, which requests were refused. The defendants thereupon applied to the court, under the 401st section of the Code, and obtained an order to compel such persons to appear before a referee, to be examined. Upon the examination of such persons before the referee, the plaintiff’s attorney, who had accidentally heal’d of the proceeding, appeared, and claimed a right to take a part in the examination, and, to some extent, was permitted to do so, but not fully. After that, the plaintiff’s counsel, upon an affidavit setting forth, substantially, the foregoing facts, and certain alleged irregularities in the proceedings before the referee,.moved, at special term, on notice, for an" order setting aside the proceedings, and suppressing the examinations ór depositions so taken before the referee. The papers do not show that the examinations in question have ever. been used, or brought before the court in any manner. The plaintiff’s motion to set aside, &c. was denied by the court, and from the order thereupon entered, this appeal is brought.
I am of opinion that the motion was properly denied; for,
First. The affidavit or deposition taken on examination, to be used upon a motion, as contemplated by the last subdivision of section 401, was designed as a substitute for, and to take the place of, and accomplish the same effect as a" voluntary affidavit would have done when read upon a motion, had the person so examined made such affidavit when requested, instead of refusing to do so. Just that, and no more.
*658 Second. Assuming, as I do, that the words “ motion in any court of record,” include motions before a judge of such court at chambers, which is, obviously, within the general scope and object of the provision, the legislature must have intended that some, at least, of the examinations so authorized, would be taken ex parte. For instance: In case the only person knowing the facts which would entitle a plaintiff to an order of arrest against a defendant who was about to leave the jurisdiction, or an attachment against . property about to be eloigned, should refuse to make an affidavit, it would be absurd to suppose the legislature designed that the plaintiff should be required to give notice of such contemplated examination to his adversary; for that would be to compel him to do just that which would enable a tort feasor or a dishonest debtor, to accomplish his purpose, and escape' scathless. The effect of such notice would be to defeat, not only the object of the motion for such order of arrest or attachment, but the main object and design of the law itself.
Third. It is sufficient, however, that the examinations in question are provided for and authorized merely for the benefit of a party who 11 intends to make or oppose a motion,” and that they are to be taken in the form of a deposition or affidavit. Indeed, it appears to me, the examination, when completed, is nothing more nor less than a compulsory affidavit; an affidavit which the party at whose instance it is taken, may read or omit to read upon the motion, at his pleasure, precisely as he might or might not read an affidavit voluntarily made, without notice to his adversary. In a word, the compulsory affidavit authorized by the 401st section, is intended to take the place and perform the functions of a voluntary affidavit, and may be taken, and used upon' a motion, and only there, in precisely the same manner and with like effect.
There is no more necessity for 'the appearance of the adverse party in litigation, when a compulsory affidavit is taken under section 401, than there is for his presence at *659 the taking of a voluntary affidavit. In either case, the party at whose instance it is taken may decline to use the affidavit; and if used on a motion, each will be liable to the same legal objections. So, too, in either case, if the witness has not told the truth, he may be contradicted; or, if he knows further facts, or it shall be necessary to obtain some explanation. from him, the party desiring it may have a further affidavit from the witness, either voluntarily or compulsorily.
Fourth. There was no necessity for the motion which is the subject of this appeal, nor was the plaintiff entitled to the relief he sought. If the defendants shall make their motion to dissolve the injunction, and, on such motion, offer to read the examination—as they may or may not do, at their option—the plaintiff may make his objections. Until then he cannot be injured by them ; and, when such motion is made, he may protect himself by objections, or by a motion to strike out and eviscerate the affidavit, or in such other manner as he may be advised, precisely as he would be entitled to do with any other affidavit or paper offered upon the hearing of the motion.
The order .denying the motion of the plaintiff, should, therefore, be affirmed, with costs.